```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x
YONG ZHENG,

                Plaintiff,                      ANSWER


        -against-                               25-CV-6693


ZWICKER & ASSOCIATES, P.C.,


                Defendant(s).
-------------------------------x
```

Defendant, **ZWICKER & ASSOCIATES, P.C.,** by its attorneys, Barron & Newburger, P.C., answers plaintiff's complaint as follows:

## SUMMARY OF CLAIMS

1. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

2. Defendant admits being contacted by the plaintiff but otherwise denies the allegations contained in paragraph "2" of the complaint.

3. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the complaint.

4. Defendant admits contact with the plaintiff but denies any violation of the FDCPA.

5. Defendant denies the description of the interaction between it and counsel for the plaintiff but admits that the judgment vacated by the Court was later reinstated.

6. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" of the complaint except that defendant denies any violation of federal or state law.

### JURISDICTION & VENUE

7. Defendant admits the allegations contained in paragraph "7" of the complaint.

8. Defendant admits the allegations contained in paragraph "8" of the complaint.

### PARTIES

9. Defendant admits the allegations contained in paragraph "9" of the complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the complaint.

11. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the complaint. Since plaintiff did not incur any obligation to American Express, it is impossible to determine whether the charges qualify as "Debts" as defined by 15 U.S.C. § 1692a(5).

12. Defendant admits the allegations contained in paragraph "12" of the complaint.

13. Defendant admits the allegations contained in paragraph "13" of the complaint.

### **FACTUAL ALLEGATIONS**

*Underlying Lawsuit & Resulting Default Judgment*

14. Defendant admits the allegations contained in paragraph "14" of the complaint.

15. Defendant admits filing the lawsuit described in Exhibit 1 of the complaint but would refer the Court to the Exhibit for the exact wording thereof.

16. Defendant admits filing the documents attached to the complaint as Exhibits 2 and 3 but would refer the Court to the documents for their exact wording thereof.

17. Defendant admits the allegations contained in paragraph "17" of the complaint.

18. Defendant admits filing an Affidavit of Fact but would refer the Court to Exhibit 5 of this complaint for the exact wording thereof.

19. Defendant admits filing an Affidavit of Fact but would refer the Court to Exhibit 5 of this complaint for the exact wording thereof.

20. Defendant admits filing an Affidavit of Fact but would refer the Court to Exhibit 5 of this complaint for the exact wording thereof.

21. Defendant admits filing an Affidavit of Fact but would refer the Court to Exhibit 6 of this complaint for the exact wording thereof.

22. Defendant admits filing an Affidavit of Fact but would refer the Court to Exhibit 6 of this complaint for the exact wording thereof.

23. Defendant admits the allegations contained in paragraph "23" of the complaint.

### *Mr. Zheng's Discovery of Zwicker's Improper Judgment Enforcement*

24. Defendant denies knowledge or information sufficient to form a belief with respect to plaintiff's interactions with Bank of America. The Restraining Notice issued by defendant was directed to the account of the judgment debtor, and not to the instant plaintiff.

### *Mr. Zheng's Repeated Notices to Zwicker that it is Enforcing a Judgment Against the Wrong Person*

25. Defendant admits that its representatives spoke with the plaintiff but otherwise denies the allegations contained in paragraph "25" of the complaint.

26. Defendant admits that its representatives spoke with the plaintiff but otherwise denies the allegations contained in paragraph "26" of the complaint.

27. Defendant admits that its representatives spoke with the plaintiff but otherwise denies the allegations contained in paragraph "27" of the complaint.

28. Defendant admits that its representatives spoke with the plaintiff but otherwise denies the allegations contained in paragraph "28" of the complaint.

29. Defendant admits that its representatives spoke with the plaintiff but otherwise denies the allegations contained in paragraph "29" of the complaint.

30. Defendant admits that its representatives spoke with the plaintiff but otherwise denies the allegations contained in paragraph "30" of the complaint.

31. Defendant admits that its representatives spoke with the plaintiff but otherwise denies the allegations contained in paragraph "31" of the complaint.

32. Defendant admits that its representatives spoke with the plaintiff but otherwise denies the allegations contained in paragraph "32" of the complaint.

33. Defendant admits that its representatives spoke with the plaintiff but otherwise denies the allegations contained in paragraph "33" of the complaint.

34. Defendant admits the allegations contained in paragraph "34" of the complaint.

35. Defendant denies each and every allegation contained in paragraph "35" of the complaint.

36. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "36" of the complaint.

37. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "37" of the complaint.

38. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "38" of the complaint.

### *American Express Informs Mr. Zheng His Social Security Number Does Not Match Their Records*

39. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "39" of the complaint. Defendant did not prepare the document annexed to the complaint as Exhibit 10.

40. Defendant denies knowledge or information sufficient to form a belief with respect to plaintiff's interaction with American Express.

41. Defendant denies knowledge or information sufficient to form a belief with respect to plaintiff's interaction with American Express.

Case 1:25-cv-06693-ENV-TAM   Document 15   Filed 02/25/26   Page 7 of 15 PageID #: 412

### *MFJ's Efforts to Correct Zwicker's Ongoing Garnishment of a Non-Debtor*

42. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "42" of the complaint.

43. Defendant admits being contacted by counsel for plaintiff but otherwise denies the allegations contained in paragraph "43" of the complaint.

44. Defendant denies each and every allegation contained in paragraph "44" of the complaint.

45. Defendant denies each and every allegation contained in paragraph "45" of the complaint.

46. Defendant denies each and every allegation contained in paragraph "46" of the complaint.

47. Defendant admits contact with plaintiff's representative but otherwise denies the allegations contained in paragraph "47" of the complaint.

48. Defendant admits the allegations contained in paragraph "48" of the complaint.

49. Defendant admits the allegations contained in paragraph "49" of the complaint.

50. Defendant admits contact with plaintiff's representative but otherwise denies the allegations contained in paragraph "50" of the complaint.

51. Defendant denies each and every allegation contained in paragraph "51" of the complaint.

52. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "52" of the complaint.

### *Mr. Zheng's Order to Show Cause*

53. Defendant admits receiving the OSC referenced in this paragraph as Exhibit 15 and would refer the Court to the Exhibit for the exact wording thereof.

54. Defendant denies each and every allegation contained in paragraph "54" of the complaint.

55. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "55" of the complaint.

56. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "56" of the complaint.

57. Defendant admits receiving the documents attached to the complaint as Exhibit 16.

58. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "58" of the complaint.

59. Defendant admits the allegations contained in paragraph "59" of the complaint.

60. Defendant admits that an attorney appeared on his behalf on September 8, 2025, but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "60" of the complaint.

61. Defendant admits the allegations contained in paragraph "61" of the complaint.

62. Defendant admits the allegations contained in paragraph "62" of the complaint.

63. Defendant admits the allegations contained in paragraph "63" of the complaint.

64. Defendant admits sending the relief letter attached to the complaint as Exhibit 20 but otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "64" of the complaint.

65. Defendant did admit that plaintiff did not owe the debt arising out of the judgment it was seeking to enforce, but otherwise denies each and every allegation contained in paragraph "65" of the complaint.

66. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "66" of the complaint.

### *Zwicker's Misconduct Inflicted Significant Emotional Distress Damages on Mr. Zheng*

67. Defendant denies each and every allegation contained in paragraph "67" of the complaint.

68. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "68" of the complaint.

69. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "69" of the complaint.

70. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "70" of the complaint.

71. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "71" of the complaint.

72. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "72" of the complaint.

73. Defendant denies any violation of state or federal law.

## **FIRST CAUSE OF ACTION**

*Violations of the FDCPA, 15 U.S.C. §§ 1692e & 1692f*

74. Defendant repeats and realleges its previous admissions and denials contained in paragraphs "1" through "73" of the complaint.

75. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

76. Defendant denies each and every allegation contained in paragraph "76" of the complaint.

77. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "77" of the complaint.

78. Defendant denies each and every allegation contained in paragraph "78" of the complaint.

79. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "79" of the complaint.

80. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "80" of the complaint.

81. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "81" of the complaint.

## **SECOND CAUSE OF ACTION**
### Conversion

82. Defendant repeats and realleges its previous admissions and denials contained in paragraphs "1" through "81" of the complaint.

83. This paragraph contains no factual allegations directed against the answering defendant and does not require an admission or denial.

84. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "84" of the complaint.

85. Defendant denies each and every allegation contained in paragraph "85" of the complaint.

86. Defendant denies each and every allegation contained in paragraph "86" of the complaint.

87. Defendant denies each and every allegation contained in paragraph "87" of the complaint.

88. Defendant denies each and every allegation contained in paragraph "88" of the complaint.

89. Defendant denies each and every allegation contained in paragraph "89" of the complaint.

## **THIRD CAUSE OF ACTION**
### Gross Negligence

90. Defendant repeats and realleges its previous admissions and denials contained in paragraphs "1" through "89" of the complaint.

91. Defendant denies each and every allegation contained in paragraph "91" of the complaint.

92. Defendant denies each and every allegation contained in paragraph "92" of the complaint.

93. Defendant denies each and every allegation contained in paragraph "93" of the complaint.

94. Defendant denies each and every allegation contained in paragraph "94" of the complaint.

95. Defendant denies each and every allegation contained in paragraph "95" of the complaint.

### FIRST AFFIRMATIVE DEFENSE

96. Plaintiff's damages were caused in whole, or in part, by the actions of non-parties.

### SECOND AFFIRAMTIVE DEFENSE

97. Plaintiff failed to mitigate his damages by not providing proof of his allegations to the defendant, prior to filing his OSC in Supreme Court Nassau County.

### THIRD AFFIRMATIVE DEFENSE

98. Plaintiff's claims are barred, in part, by the FDCPA statute of limitations.

## **FOURTH AFFIRMATIVE DEFENSE**

99. If Plaintiff sustained or suffered any injury or damage as alleged in the Complaint, which Defendant expressly denies, such damages were caused in whole or in part by the Plaintiff's negligence, culpable conduct, comparative negligence or assumption of risk, and to the extent of their culpability, the Plaintiff is barred from recovery or, alternatively, shall have its damages reduced or diminished in the proportion that its culpable conduct and/or negligence bears to all conducts causing or attributable to such damages and want of care under the common law.

WHEREFORE, defendant respectfully requests that plaintiff's complaint be dismissed.


Dated:   New City, NY
         February 25, 2026

                                            _____
                                            ARTHUR SANDERS, ESQ.
                                            BARRON & NEWBURGER, P.C.
                                            Attorneys for defendant
                                            30 South Main Street
                                            New City, NY  10956
                                            845-499-2990

TO:
MIA GUTHART, ESQ.
MOBILIZATION FOR JUSTICE, INC.
Attorney for plaintiff
100 William Street – 6th Floor
New York, New York 10038

15 | Page

CAROLYN E. COFFEY, ESQ.
MOBILIZATION FOR JUSTICE, INC.
Attorney for plaintiff
100 William Street – 6th Floor
New York, New York 10038

AHMAD KESHAVARZ, ESQ.
LAW OFFICE OF AHMAD KESHAVARZ
Attorney for plaintiff
16 Court Street – Suite 2600
Brooklyn, NY 11241