

100 William Street, 6th Floor
New York, NY 10038
Tel 212-417-3700
Fax 212-417-3890
www.mobilizationforjustice.org

**VIA ECF**

July 17, 2026

Hon. Taryn A. Merkl
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Chambers 1420 South
Brooklyn, New York 11201

> **Re:    Joint Letter Motion for Pre-Motion Conference to Compel Responses to Plaintiff's First Discovery Demands in *Zheng v. Zwicker & Associates*, No. 1:25-cv-06693-ENV-TAM (E.D.N.Y.)**

Dear Judge Merkl:

We, along with co-counsel, the Law Office of Ahmad Keshavarz, represent Plaintiff in the above-referenced action alleging violations of the Fair Debt Collection Practices Act and various state law claims against Defendant debt collection law firm Zwicker & Associates, P.C. We write jointly with counsel for Defendant pursuant to Rule 3(A) of Your Honor's Individual Rules and Practices and E.D.N.Y. Local Civil Rule 37.3(a) to request a conference regarding a discovery dispute and Plaintiff's anticipated motion pursuant to  Federal Rule of Civil Procedure 37.

**Plaintiff's Position:** Plaintiff, pursuant to this Court's May 1, 2026 deadline to serve initial discovery demands, served his first set of discovery demands on Defendant on April 30, 2026. These demands included a request for information about the true debtor needed to complete and serve information subpoenas on third-party banks. On May 7, 2026, Plaintiff's counsel emailed Defendant's counsel seeking the true debtor's information necessary to complete these information subpoenas. Defendant's counsel did not respond. On May 18, 2026, Plaintiff's counsel followed up via email. On May 21, 2026, Defendant's counsel emailed that it would provide the requested information within the next few days, and requested an extension for Defendant to respond to Plaintiff's discovery. Plaintiff consented to Defendant's extension request to June 16, 2026, which was ordered by this Court on May 27, 2026. On May 26, 2026, Defendant emailed its responses to Plaintiff's request for admissions. On June 3, 2026, Plaintiff's counsel followed up again via email seeking the debtor's information which Defendant's counsel had represented it would provide in advance of the discovery extension. Defendant's counsel did not respond. On June 24, 2026, Plaintiff's counsel followed up via email about both the debtor's information specifically, and Defendant's discovery responses, as the deadline to respond had passed. Defendant's counsel did not respond. On July 1, 2026, Plaintiff's counsel called Defendant's counsel and left a voicemail inquiring about the status of discovery responses and again seeking the debtor's information to move forward with the information subpoenas. Defendant's counsel did not respond. On July 13, 2026, Defendant's counsel acknowledged to Plaintiff's co-counsel verbally that discovery responses to this matter were overdue and represented that responses would be produced by July 14, 2026. They were not. On July 16, 2026, Defendant's counsel finally emailed to Plaintiff's counsel the requested debtor information needed for the information subpoenas, but

did not include Defendant's responses to Plaintiff's first set of discovery demands as it had represented. To date, Defendant has failed to respond to Plaintiff's discovery demands. Plaintiff seeks the production of responses within seven days of the date of this letter.

**Defendant's Position:**  There was a delay in providing Plaintiff's counsel with the true debtor information.  Defendant has now provided that information to Plaintiff's counsel.  The information provided includes the true debtor's full Social Security number, date of birth and American Express account numbers.  Defendant was unable to obtain account numbers from Bank of America and Chase.  Apparently, the true debtor used accounts from Bank of America and Chase to pay invoices due to American Express.  Defendant does not have the information regarding those account numbers and that information would be in the possession of American Express.  It should be noted that Defendant sent restraining notices to Bank of America and Chase when it was seeking to enforce the judgment against the true debtor Zheng.  Defendant did not have account numbers to insert into the restraining notices that were served upon those two banks during the judgment enforcement process.

With respect to responses to Plaintiff's discovery requests, Defendant acknowledges falling behind in responding to Plaintiff's interrogatories and document production requests.  The delay was not caused by the Defendant, but by the undersigned as a number of deadlines came up simultaneously in several cases being defended by this office.

The existing Discovery Order calls for Phase I discovery to be completed by September 30, 2026. Written discovery responses from Defendant will be provided well in advance of that date. Defendant can stipulate to respond to the pending interrogatories and to the document production requests by August 20th.

Thank you for your consideration in this matter.

Respectfully submitted,

/s/ Mia Guthart
Mia Guthart
Counsel for Plaintiff

/s/ Arthur Sanders
Arthur Sanders
Attorney for Defendant

cc:    All counsel of record (via ECF)

## CERTIFICATE OF CONFERENCE

I, alongside co-counsel, have attempted to resolve these matters without court involvement, but those efforts have been unsuccesful. I spoke with opposing counsel while in court on another matter on July 13, 2026, wherein I told opposing counsel that discovery responses were long overdue in this case. Opposing counsel acknowledged these responses were overdue, and made a verbal representation to me that such information would be produced by July 14, 2026. These materials were not produced. Plaintiff therefore seeks to compel.

Dated: Brooklyn, New York
      July 16, 2026
      */s/Ahmad Keshavarz*
      Ahmad Keshavarz